S89A0242. AMERSON v. THE STATE.
(384 SE2d 392)

SMITH, Justice.

Appellant Ronald Lamar Amerson was indicted for the malice murder of James Eason. A jury found him guilty, and he was sentenced to a term of life imprisonment. We affirm.[1]

The appellant and his codefendant, Lyndal Stevens, met at work during early June of 1988. Stevens had been living with his mother and his stepfather, the victim, in a home in Bacon County. According to numerous witnesses, Eason exhibited abusive behavior toward Stevens, Stevens' mother, and his two sisters. Stevens testified that on the day before the murder, Eason threatened him and threw him out

---

[1] The crime was committed on June 28, 1988. The Bacon County jury returned its verdict of guilty on December 7, 1988. A motion for new trial was filed on December 29, 1988 and was denied on March 22, 1989. Notice of appeal was filed on April 7, 1989. The transcript of evidence was filed on July 3, 1989. The record was docketed in this Court on July 11, 1989. The case was submitted by brief on July 31, 1989.

of the home. Stevens spent the night with the appellant, staying up late and drinking. Both defendants testified that on the day of the murder, they slept late and skipped work.

At approximately 12:00 p.m., Stevens and the appellant drove in Stevens' truck to an area about three miles from the Eason residence. They were armed with appellant's 30-30 Marlin rifle and Stevens' .12 gauge shotgun. The two men proceeded on foot through the woods to an area across the road from the residence, where they waited until Eason came out of the house. Stevens asked the appellant if he wanted to shoot Eason. The appellant declined, but allowed Stevens to use his rifle. Stevens fired, striking the victim in the arm and the abdomen. The victim fell, then got up and ran into the house holding his arm.

The appellant and Stevens fled the scene and discarded their weapons by throwing them into a nearby creek. They drove back to the appellant's trailer. Later the appellant and Stevens returned to the Eason residence with Marlene Eason, Stevens' mother. Upon finding Eason's body, Marlene Eason called the police. Eason's right arm had been blown off below the elbow, and he had an additional wound in the right side of his back. The next day, the appellant telephoned his place of employment to say that he was quitting his job and moving back to Florida.

On June 30, 1989, two days after the murder, the appellant and Stevens were arrested. Both men made lengthy oral statements and signed statements prepared by officers of the Georgia Bureau of Investigation. Officers of the GBI testified that the appellant later told them that his reason for being involved in the murder was for money.

1. The appellant contends that the trial court erred in failing to direct a verdict of acquittal and in failing to grant his motion for new trial. The appellant claims that the State failed to prove beyond a reasonable doubt that he was a "party to the crime" under OCGA § 16-2-20, and that proof of his presence, the use of his gun, and his fleeing were not enough to sustain the guilty verdict. OCGA § 16-2-20 authorizes conviction of a person as a party to a crime if the person "intentionally aids or abets in the commission of the crime. . . ." OCGA § 16-2-20 (b) (3). Although disputed, the evidence is such that a rational trier of fact could have found that the appellant was a party to the crime and therefore was guilty of the malice murder of Eason. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in failing to charge the law of circumstantial evidence as requested by the appellant. The language used in the charge given closely paralleled the language contained in OCGA § 24-4-6 and therefore was sufficient.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1989.

Boatright & Futch, Jimmy J. Boatright, for appellant.
Harry D. Dixon, Jr., District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin, for appellee.

